UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ROBERT H GROSS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-323 |
| | § | |
| JEANINE E DANNATT, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER OF TRANSFER

This is a civil action filed by federal prisoner Robert H. Gross.[1] He is currently assigned to the Federal Corrections Institution in Big Spring, Texas (FCI-Big Spring). Plaintiff filed this civil action on October 16, 2017, asserting that this Court has diversity jurisdiction.

### I. PROCEDURAL BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff sues his ex-wife, Jeanine E. Dannatt, who currently resides in Dartford, England. A *Spears*[2] hearing was conducted on November 9, 2017. On November 13, 2017, Plaintiff filed an amended complaint. (D.E. 7). The following representations were made either at the *Spears* hearing or in Plaintiff's original and amended complaints (D.E. 1, 7):

---

[1] On December 17, 2015, following a guilty plea, Plaintiff was convicted of health care fraud in the Northern District of Texas, San Angelo Division. (*United States v. Gross*, Criminal No. 6:14-cr-38 (N.D. Tex. 2015). Plaintiff was sentenced to seventy-one months in prison. (*Id.*, D.E. 99).

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

1 / 5

On May 3, 2005, the parties entered into a prenuptial contract for marriage. The prenuptial agreement was signed while the parties were living in Pennsylvania and is governed by the laws of that state. Plaintiff and Defendant subsequently married in Los Vegas, Nevada on May 7, 2005.

Plaintiff and Defendant moved to Texas sometime in 2007. Around November of 2014, Defendant filed for divorce in the 391st District Court of Tom Green County, San Angelo, Texas. At that time, the parties were living in San Angelo, Texas. Plaintiff, who was represented by counsel in the divorce proceeding, appeared mainly by telephone because he had been taken into pre-trial federal custody.

Plaintiff testified at the *Spears* hearing that he owned: (1) vacation property and land upon which to build a retirement home in Rockport, Texas; and (2) residential property in San Angelo, Texas. The disposition of these properties was part of the prenuptial agreement. In accordance with the settlement agreement entered in the divorce proceeding, Defendant now owns a 50% portion of the Rockport properties. Plaintiff testified that, under the prenuptial agreement, these properties were designated as separate properties and should not have been equally divided between the parties. Plaintiff further indicated that he and Defendant have a ten-year old child and that child custody and support issues were addressed in both the prenuptial agreement and the divorce proceeding.

Plaintiff's counsel advised Plaintiff that the prenuptial agreement was not valid, and it was, therefore, not considered in connection with the divorce proceeding in the Tom Green County district court. On May 4, 2015, a final divorce hearing was held in

that court without knowledge of the existence of the prenuptial agreement. Plaintiff indicated that he never read through or signed the settlement agreement that was ultimately finalized as part of the divorce decree.

Plaintiff appealed from the final divorce degree to the Texas Third Court of Appeals in Austin, Texas, which serves numerous counties including Tom Green County. However, pursuant to a docket equalization policy, the case was transferred to the Thirteenth Court of Appeals. Plaintiff contended before the Texas appellate court that the trial court had improperly awarded his separate property to Defendant and that his counsel rendered ineffective assistance. *See Gross v. Dannatt*, No. 13-15-00309-CV (Tex. App.- Corpus Christi Opinion issued on June 22, 2017). The Thirteenth Court of Appeals affirmed the trial court's judgment, and Plaintiff has appealed the ruling to the Texas Supreme Court. Plaintiff's appeal to the Texas Supreme Court remains pending.

In his complaint as amended, Plaintiff claims that Defendant: (1) breached the prenuptial agreement by failing in the past and in the present to fulfill her obligations under the agreement; (2) breached her fiduciary responsibilities under the prenuptial agreement in several respects; (3) committed fraud by misleading the Texas district court into entering the settlement agreement while knowing about the existence of the prenuptial agreement; and (4) intentionally and negligently inflicted emotional distress on Plaintiff. (D.E. 7, pp. 2-6). Plaintiff seeks damages in the amount of $2.3 million as well as punitive damages based on Plaintiff's willful and wanton conduct. (D.E. 7, pp. 7-8).

II. DISCUSSION

Pursuant to the general venue statute, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). In this case, Defendant neither resides in this district nor is subject to personal jurisdiction in this district.

Plaintiff states, however, that venue is proper in this Court under § 1391(b)(2) because "a substantial part of the events or omissions giving rise to [his claims] occurred within this judicial district." (D.E. 7, p. 1). The undersigned disagrees and finds instead that the substantial part of the events in this action occurred in San Angelo, Texas.

Plaintiff and Defendant entered into a prenuptial agreement in Pennsylvania. However, they moved to Texas in 2007 and were living in San Angelo, Texas at the time their divorce proceedings commenced in Tom Green County. The parties have a small child and matters pertaining to child custody relate more to events occurring in San Angelo with no nexus to this district. Plaintiff testified that certain real properties were part of both the prenuptial agreement and divorce settlement, including residential property in San Angelo, Texas, a vacation property in Rockport, Texas, and retirement property in Rockport. The fact that two of these properties are located within this district does not establish that the substantial part of the events at issue occurred here. Venue, therefore, is not proper in this Court pursuant to 28 U.S.C. § 1391(b).

When venue is improper, the Court shall "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The interests of justice would be served by a transfer of this action to the San Angelo Division of the Northern District of Texas.

## III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that this case be transferred to the United States District Court for the Northern District of Texas, San Angelo Division.

ORDERED this 16th day of November, 2017.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge